**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PAIGE WARTHEN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No.: MJM-25-3491** |
| | * | |
| **BARCLAYS BANK DELAWARE,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | * | |
| **PAIGE WARTHEN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No.: MJM-25-3493** |
| | * | |
| **BARCLAYS BANK DELAWARE,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **PAIGE ELIZABETH,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No.: MJM-26-496** |
| | * | |
| **BARCLAYS BANK DELAWARE, *et al.*,** | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above-captioned matters came before the Court on July 1, 2026, for a status hearing

regarding the numerous motions pending across the three cases. No hearing is necessary on many

of those motions. *See* Local Rule 105.6 (D. Md. 2025). For the reasons explained below, Civ. Nos.

MJM-25-3491 and MJM-25-3493 will be consolidated; Plaintiff's motions concerning alleged

1

litigation misconduct the defense will be denied; and Civ. No. MJM-26-496 will be dismissed. The Court will hold in abeyance Plaintiff's request to remand the consolidated action and the defense motion to compel arbitration because supplemental briefing is necessary to determine whether federal-question jurisdiction exists.

## I.    BACKGROUND

On October 23, 2025, defendant Barclays Bank Delaware ("Barclays") removed to this Court two actions filed by Paige Elizabeth ("Plaintiff"), proceeding pro se, in the Circuit Court of Maryland for Baltimore City approximately one week apart. *See Paige Warthen v. Barclays Bank Delaware*, Civ. No. MJM-25-3491 ("*Warthen I*"); *Paige Warthen v. Barclays Bank Delaware*, Civ. No. MJM-25-3493 ("*Warthen II*").[1] In both actions, Plaintiff sued the same defendant, Barclays, and asserted claims for violations of the Fair Credit Billing Act ("FCBA") along with various state-law claims. After removal, Plaintiff voluntarily dismissed her FCBA claims. *See Warthen I*, ECF No. 6; *Warthen II*, ECF No. 6.

On February 6, 2026, Barclays removed a third action Plaintiff filed in the Baltimore City Circuit Court, in which she sued Barclays again, along with its counsel, Ballard Spahr LLP, and Does 1–10. *See Paige Elizabeth v. Barclays Bank Delaware, et al.*, Civ. No. MJM-26-496 ("*Warthen III*"). In that action, Plaintiff asserts claims for (1) invasion of privacy; (2) abuse of process; (3) violations of the Maryland Consumer Protection Act; (4) civil RICO; (5) declaratory relief concerning arbitration; and (6) injunctive relief.

---

[1] Plaintiff filed both actions using the name Paige Warthen. On March 1, 2026, Plaintiff filed a notice with the Court requesting to be identified as Paige Elizabeth. *See Paige Elizabeth v. Barclays Bank Delaware et al.*, Civ. No. MJM-26-496 ("*Warthen III*"), ECF No. 15. When referring to Plaintiff in her individual capacity, this memorandum opinion will refer to Ms. Elizabeth as requested or by "Plaintiff." However, for clarity, this opinion cites the cases filed by Ms. Elizabeth as *Warthen I*, *II*, and *III*. The Court intends no disrespect by this citation convention.

On April 3, 2026, Barclays requested an in-person hearing on all pending motions in the three cases in the interest of judicial economy and efficiency. *See Warthen II*, ECF No. 25. The Court initially scheduled the hearing for May 19, 2026, but later rescheduled it for June 1, 2026, to be held by video teleconference to accommodate Plaintiff's personal circumstances. On May 27, 2026, by email, Plaintiff requested another continuance, which the Court granted over Defendant's objection. The hearing was reset for July 1, 2026. Plaintiff moved to continue the hearing until September. The Court denied that request the following day. Plaintiff did not appear at the virtual hearing on July 1, 2026.

At the hearing, defense counsel explained that Defendants had requested a consolidated hearing to streamline resolution of the numerous motions pending across all three cases and indicated that they were content to rest on their written submissions. During a discussion of Defendants' opposition to Plaintiff's request for remand, the Court asked whether counsel had considered the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), and whether Plaintiff's remaining breach-of-contract claims necessarily depended on the resolution of a substantial question of federal law. As explained below, the Court concluded that supplemental briefing is necessary on that jurisdictional issue before it can determine whether remand or arbitration is appropriate.

## II.   DISCUSSION

### A.  Defendants' Motion to Dismiss *Warthen III*

Following removal of *Warthen III* to this Court, Barclays and Ballard Spahr (collectively, "Defendants") moved to dismiss the action. *See Warthen III*, ECF No. 6. Plaintiff filed a response in opposition to the motion, *id.*, ECF No. 14, and Defendants filed a reply, *id.*, ECF No. 17. As explained below, the motion to dismiss will be granted.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal for "failure to state a claim upon which relief can be granted[.]" To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citation omitted). "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). When considering a motion to dismiss, a court must take the factual allegations in the complaint or counterclaim as true and draw all reasonable inferences in favor of the nonmovant. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a self-represented plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)).

4

The Complaint in *Warthen III* asserts six counts: (1) invasion of privacy; (2) abuse of process/obstruction of consumer remedies; (3) violation of the Maryland Consumer Protection Act ("MCPA"); (4) civil RICO; (5) declaratory relief regarding arbitration; and (6) injunctive and equitable relief. *See Warthen III*, ECF No. 1-1. Each claim fails as a matter of law.

First, Plaintiff fails to state a plausible claim for invasion of privacy. To plead such a claim, Plaintiff must allege three elements: (1) publicity of facts that (2) are not of valid concern to the public and (3) would be highly offensive to a reasonable person. *Lindenmuth v. McCreer*, 165 A.3d 544, 556 (Md. App. Ct. 2017). Plaintiff never identifies what information Defendants allegedly publicized or which filing supposedly contained information requiring redaction. Instead, she merely alleges that Defendants disclosed her "personal identifiers," among other things. ECF No. 8 at 6. The allegation appears to stem from the same issue Plaintiff raised in *Warthen I* and *Warthen II*, where she argued Barclays improperly filed documents containing her home address. *See Warthen I*, ECF No. 9; *Warthen II*, ECF No. 8. As explained in Part II.C *infra*, Rule 5.2 does not require parties to redact a litigant's home address. Thus, to the extent Plaintiff's invasion-of-privacy claim rests on disclosure of her address, it fails as a matter of law. To the extent Plaintiff intends to rely on some other disclosure, the Complaint fails to identify it with sufficient specificity to state a plausible claim.

Second, Plaintiff fails to state a plausible claim for abuse of process. A claim for abuse of process requires Plaintiff to establish three elements: (1) "that the defendant willfully used process after it has issued in a manner not contemplated by law," (2) "that the defendant acted to satisfy an ulterior motive," and (3) "that damages resulted from the defendant's perverted use of process." *Schoberg v. Baltimore Cnty., Md.*, Civ. No. RDB-23-2852, 2024 WL 1742927, at *5 (D. Md. Apr. 23, 2024) (citations omitted). Plaintiff alleges only that Defendants removed her actions to federal

court, sought to compel arbitration, filed motions, and invoked procedural rules. *Warthen III*, ECF No. 3 at 7. Those actions are legitimate tactics in civil litigation. Plaintiff does not allege facts to support any reasonable inference that Defendants perverted any judicial process for an improper purpose. Accordingly, Count II fails.

Third, Plaintiff asserts a civil RICO claim under 18 U.S.C. § 1962(c) in Count IV, alleging that Defendants participated in an unlawful scheme. Plaintiff alleges that "Defendants and their legal counsel operated as an association-in-fact enterprise engaged in a coordinated scheme across state lines to obstruct consumer refunds, suppress evidence, and generate unlawful financial gains[,]" and that Defendants "weaponized removals, forced arbitration, redundant filings, and jurisdictional maneuvers to wear down consumers." *See Warthen III*, ECF No. 3 at 8–9. To survive a Rule 12(b)(6) motion, a plaintiff asserting a RICO claim must allege "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Davis v. Wilmington Fin., Inc.*, Civ. No. PJM 09-1505, 2010 WL 1375363, at *3 (D. Md. Mar. 26, 2010) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff's civil RICO claim in Count IV fails as a matter of law because it does not adequately plead either a pattern of racketeering activity, Defendants' participation in the conduct of an enterprise, or even the existence of an enterprise.

Next, the MCPA claim in Count III and the claim for declaratory relief in Count V are subject to dismissal under the rule against claim splitting. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (quoting *Myers v. Colgate–Palmolive Co.*, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000)). The Court is unable to determine with any degree of certainty that the MCPA violations alleged in Count III of the Complaint in *Warthen III* are distinct from those

alleged in *Warthen I & II*. Thus, Count III is dismissed as improper claim splitting. As to Count V, Plaintiff asks this Court to declare that Barclays waived any contractual right to compel arbitration. The issue of arbitration is already before the Court in the motion to compel arbitration Barclays filed in *Warthen I* and *Warthen II*. Plaintiff may not litigate the same issue in a separate action. Counts III and V must be dismissed.

Finally, Count VI seeks "temporary, preliminary, and permanent injunctive" relief. *Warthen III*, ECF No. 3 at 12. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Awarding this extraordinary remedy thus requires "a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. To prevail on a motion for a preliminary injunction or temporary restraining order, a plaintiff must demonstrate (1) that she is likely to succeed on the merits of her claims, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in her favor, and (4) that an injunction is in the public interest. *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). A court may "deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Id.* at 361. At the preliminary stage, likelihood of success on the merits is the "most important" *Winter* factor. *Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 949 (D. Md. 2020). Because Counts I through V are all subject to dismissal, Plaintiff cannot make a clear showing she is likely to succeed on the merits of any claim in *Warthen III*. Count VI must be dismissed.[2]

---

[2] In *Warthen III*, Plaintiff separately filed motions for a preliminary injunction, ECF No. 9, and temporary restraining order, ECF No. 19. These motions must be denied. As explained *supra*, Plaintiff fails to establish a likelihood of success on the merits of any claim in *Warthen III*. It follows that she is not entitled to preliminary injunctive relief.

### B. Barclays's Motion to Consolidate *Warthen I* and *Warthen II*

In *Warthen I*, ECF No. 13, Barclays filed a motion to consolidate *Warthen I* and *Warthen II*. Plaintiff filed a response in opposition to the motion, ECF No. 15, and Barclays filed a reply in support, ECF No. 21. For the reasons explained below, the motion to consolidate is granted.

The Court may consolidate civil actions that involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a). To satisfy the Rule 42(a) standard, cases typically must be "brought against the same defendant, rely on the same witnesses, allege the same misconduct, and answer with the same defenses." *McCann-McCalpine v. McElligott*, Civ. No. BAH-22-2195, 2025 WL 2712642, at *4 (D. Md. Sept. 23, 2025) (quoting *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997)) (cleaned up). Here, in both *Warthen I* and *Warthen II*, Plaintiff sues the same defendant for alleged billing disputes related to charges from third-party merchants reflected on Plaintiff's AAdvantage® Aviator® Red Mastercard® credit card account. Although the allegations involve different transactions and distinct theories of liability—*Warthen I* primarily challenges Barclays's alleged failure to conduct a reasonable investigation, while *Warthen II* alleges Barclays failed to investigate a disputed charge—the actions nevertheless share common questions of law and fact. Both cases arise under the same Credit Card Agreement, and Barclays represents that it "intends to rely on the same witnesses and will answer with the same defenses for both *Warthen I* and *Warthen II*." *See Warthen I*, ECF No. 21 at 3. Moreover, at this stage of the litigation, the legal issues regarding this Court's jurisdiction, whether Plaintiff's claims are subject to arbitration, and the parties' legal and contractual obligations are identical. Consolidation is therefore warranted.[3]

---

[3] Plaintiff's first two motions to strike (*Warthen I*, ECF No. 14; *Warthen II*, ECF No. 13) are denied to the extent they seek to strike Barclays's motion to consolidate. Plaintiff's request for sanctions, contained in the same motions to strike, is likewise denied. Striking a filing and imposing sanctions are both extraordinary and drastic remedies, and Plaintiff has not demonstrated that either is warranted here. Moreover, Plaintiff's third motion to strike (*Warthen I*, ECF No. 29) appears to have been intended to be filed in state court, not this Court. It is therefore denied.

### C. Plaintiff's Motions to Seal

In *Warthen I*, ECF No. 8, Plaintiff filed a motion to restrict access to certain filings and to compel Barclays to file redacted replacements. Although Plaintiff styled the motion as ex parte, the motion includes a certificate of service reflecting that it was served on Barclays's counsel. Plaintiff filed a materially identical motion in *Warthen II*, ECF No. 7.

Plaintiff also moved to seal her notice of voluntary dismissal of her FCBA claim in *Warthen I* and to substitute a redacted version. *Warthen I*, ECF Nos. 10 & 11. She contends that the original filing should be sealed because it contains "personal information." *Id.*, ECF No. 10 at 2. The only information redacted from the substitute filing is Plaintiff's address, telephone number, and email address. *Compare id.*, ECF No. 11, *with id.*, ECF No. 6. Notably, Plaintiff's address and email address already appear elsewhere on the docket in both *Warthen I and Warthen II*. Moreover, Local Rule 102.1(b)(i) requires all attorneys and self-represented litigants to include their name, address, telephone number, email address, and fax number, if any, on court filings.

Plaintiff invokes Federal Rule of Civil Procedure 5.2(a)(5) and Local Rule 105.11. Rule 5.2(a)(5), however, does not exist, and nothing in Rule 5.2 requires the redaction or sealing of a litigant's address, telephone number, or email address. Local Rule 105.11 governs motions to seal and requires the moving party to identify facts and reasons justifying the requested relief. Plaintiff's motions do not satisfy that standard. Accordingly, Plaintiff's motion to restrict access and compel redacted replacements (*Warthen I*, ECF No. 8; *Warthen II*, ECF No. 7) and her motion to seal the notice of voluntary dismissal (*Warthen I*, ECF No. 10) are denied.

This result is also compelled by the strong presumption of public access to judicial records. That presumption arises under both the First Amendment and the common law. *See Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption of public access "can be rebutted if countervailing interests heavily outweigh the public interests

9

in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The right of access provided by the First Amendment "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180 (citing *Rushford*, 846 F.2d at 253).

Here, Plaintiff's contact information is not the type of "personal information" that is appropriate for sealing, like "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number[.]" Fed. R. Civ. P. 5.2(a). And Plaintiff's request to seal her contact information fails to identify "countervailing interests" that "heavily outweigh the public interests in access [to court records.]" *Rushford*, 846 F.2d at 253. Plaintiff's sealing motions lack merit and must be denied.

### D.  Plaintiff's Motions for Sanctions

Plaintiff's motions for sanctions are also without merit. First, Plaintiff argues that Barclays lacked a proper basis to remove these actions to federal court. *Warthen I*, ECF No. 9 at 3; *Warthen II*, ECF No. 8 at 3. That argument fails because Plaintiff's original state-court complaints asserted claims under the FCBA, thereby giving this Court federal-question jurisdiction at the time of removal. *See* 28 U.S.C. §§ 1331, 1441(c); *B.A. v. Prince George's Cnty., Maryland*, Civ. No. PJM 10-1674, 2010 WL 4225710, at *2 (D. Md. Oct. 26, 2010) ("The propriety of the removal of a lawsuit from state to federal court is determined *as of the time of removal*." (emphasis in original)). Plaintiff's argument regarding the amount-in-controversy requirement for diversity jurisdiction is therefore beside the point. Federal-question jurisdiction does not require any particular amount in controversy. *See* 28 U.S.C. § 1331.

Second, Plaintiff contends that Defendant violated "Fed. R. Civ. P. 5.2(a)(5)" by failing to redact her home address. *Warthen I*, ECF No. 9 at 3; *Warthen II*, ECF No. 8 at 3. But again, Rule 5.2(a)(5) does not exist. Plaintiff is warned that her citation to this non-existent legal authority is,

10

itself, sanctionable. *See Holliday v. Pratt Indus., Inc.*, No. 6:24-CV-5122-BHH-KFM, 2025 WL 4647924, at *3 (D.S.C. Oct. 23, 2025) ("Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." (quoting *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023))); *Tafah v. Lake Vill. Townhomes*, Civ. No. BAH-25-1408, 2026 WL 124306, at *12 (D. Md. Jan. 16, 2026) (warning that sanctions may be imposed on pro se litigants "who cite AI-hallucinated or otherwise nonexistent legal authority to support their positions" (quoting *Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24CV874, 2025 WL 1559593, at *10 (E.D. Va. June 2, 2025))).

### E. Plaintiff's Motions to Disqualify Opposing Counsel

Plaintiff moves to disqualify Ballard Spahr from representing Barclays in *Warthen I* and *Warthen II* on the ground that "Ballard Spahr is a named defendant in this case." *See Warthen I*, ECF No. 22 at 2; *Warthen II*, ECF No. 22 at 2. Plaintiff contends that Ballard Spahr's representation violates various ethical rules.

Disqualification of counsel is "a drastic remedy" because "it deprives litigants of their right to freely choose their own counsel." *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004). Disqualification upon the motion of an opposing party "is permitted only where the conflict [of interest] is such as clearly to call in question the fair and efficient administration of justice." *Id.* (citation omitted). In assessing a motion to disqualify, "the court must strike a 'balance between the client's free choice of counsel and the maintenance of the highest and professional standards of the legal community.'" *Warn v. Sears*, Civ. No. PJM-23-2466, 2024 WL 3046644, at *3 (D. Md. June 18, 2024) (quoting *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995)). Therefore, "the moving party bears a high standard of proof to show that disqualification is warranted." *Id.* (cleaned up).

11

Plaintiff's motions for disqualification of counsel lack merit. As an initial matter, Ballard Spahr is not a party to either *Warthen I* or *Warthen II*. Rather, Plaintiff named Ballard Spahr as a defendant only in *Warthen III*. That fact, standing alone, provides no basis to disqualify the firm from representing Barclays in *Warthen I* and *Warthen II*. As explained in Part II.A *supra*, *Warthen III* is subject to dismissal. Plaintiff has not identified any actual conflict of interest or other violation of the Maryland Attorneys' Rules of Professional Conduct that would warrant the extraordinary remedy of disqualification. Ballard Spahr has simply represented Barclays by removing these actions to federal court and moving to compel arbitration—routine litigation activities that do not, without more, present an ethical issue. Accordingly, Plaintiff's motions to disqualify counsel are denied.

The Court recognizes that Plaintiff is proceeding pro se and therefore construes her filings liberally. Nevertheless, Plaintiff is cautioned that motions seeking extraordinary relief, such as sanctions or disqualification of opposing counsel, should be filed only when supported by good-faith factual and legal grounds.

### F.  Plaintiff's Request to Remand

At ECF No. 6 in both *Warthen I* and *Warthen II*, Plaintiff voluntarily dismissed her claims under the FCBA—the sole federal cause of action asserted in each case—and argued that remand to state court was appropriate.[4] The Court directed Barclays to respond.  Barclays argued that

---

[4] Plaintiff cites Federal Rule of Civil Procedure 41(a)(1) in her notices voluntarily dismissing her FCBA claims. *Warthen I*, ECF No. 6; Warthen II, ECF No. 6. Rule 41(a)(1), however, authorizes voluntary dismissal of an entire action—not individual claims. *See Wallace v. Mercantile Cnty. Bank*, 514 F. Supp. 2d 776, 788 (D. Md. 2007), *aff'd*, 307 F. App'x 720 (4th Cir. 2009). "[T]he Fourth Circuit has indicated that Fed. R. Civ. P. 15 is the technically proper rule under which to consider a plaintiff's request to drop some, but not all, of the claims asserted in an action." *Iraheta v. United of Omaha Life Ins. Co.*, 353 F. Supp. 2d 592, 595 (D. Md. 2005) (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995 WL 507264, *2–3 (4th Cir. 1995)); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (holding that Rule 41(a)(1) "does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings"). Because Plaintiff proceeds pro se, the Court liberally construes her notices as

remand is improper because (1) Plaintiff's remaining breach-of-contract claims necessarily depend on obligations imposed by federal law and therefore arise under federal law; and (2) Plaintiff should not be permitted to amend her pleading in a manner that defeats federal jurisdiction after removal. *See Warthen I*, ECF No. 12; *Warthen II*, ECF No. 11. The latter argument appears to be foreclosed by the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). In *Royal Canin*, the Court held "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.* at 30. As to Barclays's former argument, at this juncture, the Court cannot determine whether Plaintiff's breach-of-contract claims give this Court subject-matter jurisdiction of the consolidated case.

When a plaintiff files a civil action in state court, a defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending" if the federal district courts have "original jurisdiction" over the matter. 28 U.S.C. § 1441. The "party seeking removal" bears the burden of showing "by a preponderance of evidence the facts necessary to establish the court's jurisdiction" over the removed action. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "After an action has been removed, a party may file a motion to remand the case to the state court based on lack of subject matter jurisdiction or a defect in the removal proceedings." *Thomas v. Maryland*, No. 24-1837, 2024 WL 5102862, at *1 (4th Cir. 2024) (citing 28 U.S.C. § 1447(c)). "[A] district court must remand any case in which it lacks subject matter jurisdiction." *Byrd v. Deveaux*, Civ. No. DKC-17-3251, 2018 WL

---

an amendment of her pleadings under Federal Rule of Civil Procedure 15. Defendant likewise treats Plaintiff's notices as a Rule 15 amendment. *See Warthen I*, ECF No. 18 at 5.

305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)); *see also Sanders v. Cohn, Goldberg & Deutsch, LLC*, Civ. No. DKC 15-1571, 2016 WL 223040, at *6 n.4 (D. Md. Jan. 19, 2016) ("The issue of subject matter jurisdiction may be raised *sua sponte.*" (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004))).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). To determine whether a case presents a federal question, the court must determine "first discern whether federal or state law creates the cause of action." *Dixon*, 369 F.3d at 816. If state law creates the cause of action, the court must determine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Ultimately, federal-question jurisdiction over a state-law claim "will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) ("[A] case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law, . . . but 'only [if] . . . the plaintiff's right to relief *necessarily depends* on a *substantial* question of federal law[.]'") (emphasis in original) (citations omitted).

In both *Warthen I* and *Warthen II*, Plaintiff asserts breach-of-contract claims arising from state law. Plaintiff alleges that Barclays breached the parties' cardholder agreement by failing to

14

comply with contractual obligations that purportedly incorporate FCBA dispute procedures and Mastercard chargeback rules. Without more, those allegations do not establish that Plaintiff's right to relief necessarily depends upon resolution of a substantial and disputed question of federal law. Plaintiff does not state what chargeback rules Barclays allegedly breached. Because the Court cannot presently determine whether federal-question jurisdiction survives Plaintiff's amendment of her pleadings, the parties shall submit supplemental briefing on the issue before the Court decides either Plaintiff's request for remand or Defendant's motion to compel arbitration.

## III.   CONCLUSION

For the foregoing reasons, the Court shall grant Defendants' motion to dismiss *Warthen III* and grant Barclays's motion to consolidate *Warthen I* and *Warthen II*. The Court will deny Plaintiff's motions to seal, for sanctions, to disqualify opposing counsel, and for preliminary injunctive relief. A schedule for supplemental briefing shall be set to address whether federal-question jurisdiction remains following Plaintiff's amendment to remove her sole federal cause of action from *Warthen I* and *Warthen II*. Plaintiff's request for remand and Barclays's motion to compel arbitration shall be held in abeyance until the jurisdictional issue is resolved. Separate Orders will issue in the three cases.

July 13, 2026          /S/
Date                   Matthew J. Maddox
                       United States District Judge

15